UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALIREZA BAKHTIARI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-256-DDN |
| | ) | |
| JAMES P. TOWEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Alireza Bakhtiari for leave to proceed *in forma pauperis* in this civil action. For the reasons explained below, the motion will be granted, and this case will be dismissed.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if, *inter alia*, it is malicious, or it fails to state a claim upon which relief can be granted. An action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits or it contains disrespectful or abusive language, *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (*per curiam*), or it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). When determining whether an action is malicious, the Court need not look only to the complaint before it, but may also look to plaintiff's prior litigious conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To determine whether an action fails to state a claim upon

which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**Background**

In 2011, plaintiff was a *pro se* plaintiff who was prosecuting a civil lawsuit pending before a United States District Judge in this Court. *See Bakhtiari v. Al-Khaledy, et al.,* No. 4:11-

cv-971-SNLJ (E.D. Mo. 2011). He alleged that the defendants engaged in libel, breach of contract, malicious prosecution, wrongful arrest, wrongful imprisonment, and other breaches of duties. Plaintiff had also filed a previous defamation action. *See Bakhtiari v. Missouri College*, No. 4:10-cv-1856-SNLJ (E.D. Mo. 2010). In both lawsuits, one of plaintiff's opponents was represented by a St. Louis attorney who will be identified as B.H.

In *Bakhtiari v. Al-Khaledy, et al.*, B.H. filed a motion seeking to enforce discovery orders that could lead to disclosures which would be damaging to plaintiff. As was revealed during plaintiff's guilty plea in subsequent criminal proceedings,[1] in January of 2012, plaintiff emailed a death threat to B.H. The email referred to B.H. in obscene and abusive terms. Attached to the email were pictures of B.H.'s son and daughter-in-law that plaintiff had altered to impose rifle crosshair graphics over their faces. Also attached were three pictures of B.H.'s home with the name of B.H.'s wife in the file names, and a picture of a young girl plaintiff believed to be B.H.'s daughter. A few days later, plaintiff threatened B.H.'s co-counsel by displaying a loaded rife with a scope, and repeatedly referring to the rifle's crosshair in ominous terms. Plaintiff also engaged in misconduct before the Court. According to the Court's January 21, 2014 Memorandum, plaintiff defied a December 30, 2011 Court order to produce his electronic devices for imaging, and then lied to the Court that he had complied.

On March 12, 2012, plaintiff was indicted in this Court on felony charges. *U.S. v. Bakhtiari*, No. 4:12-cr-97-ERW (E.D. Mo. 2012). On May 29, 2012, plaintiff filed a motion in that criminal case, seeking to dismiss the indictment based upon government misconduct. In that motion, plaintiff alleged that federal agents who were executing a search warrant at his residence subjected plaintiff and his wife to hours of torture and sexual abuse.

---

[1] *U.S. v. Bakhtiari*, No. 4:12-cr-97-ERW (E.D. Mo. 2012)

3

On August 7, 2012, plaintiff pleaded guilty to corruptly attempting to obstruct, influence and impede an official proceeding in violation of 18 U.S.C. § 1512(c)(2). During his plea proceedings, plaintiff admitted under oath that both of his civil lawsuits, *Bakhtiari v. Al-Khaledy, et al.* and *Bakhtiari v. Missouri College*, were based upon entirely fabricated allegations. He also admitted that he had threatened B.H. in order to frighten, intimidate and chill his advocacy against plaintiff, and to potentially deter him from discovering that plaintiff had forged documents on which the lawsuit was based. He also admitted that the allegations in his May 29, 2012 motion were false, and that he had made them solely to retaliate against the federal officers and corruptly influence the proceedings in his criminal case.

On November 19, 2012, plaintiff was sentenced to serve 51 months' imprisonment, followed by three years of supervised release. In May 2013, the Eighth Circuit Court of Appeals affirmed plaintiff's conviction and sentence. *U.S. v. Bakhtiari*, 714 F.3d 1057 (8th Cir. 2013). In *Bakhtiari v. Al-Khaledy, et al.*, the Court determined that plaintiff had engaged in various forms of misconduct, and imposed monetary sanctions against him. The Court takes judicial notice of these foregoing proceedings and public records. *See Cravens v. Smith*, 610 F.3d 1019, 1029 (8th Cir. 2010) (quoting *In re Papatones*, 143 F.3d 623, 624 n. 3 (1st Cir. 1998) ("The court may take judicial notice of its own orders and of records in a case before the court")); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records.").

### Plaintiff's Motion for Leave to Proceed In Forma Pauperis

In support of his motion for leave to proceed *in forma pauperis*, plaintiff submitted a Financial Affidavit, dated February 14, 2018. Therein, plaintiff avers that he has no income and no assets whatsoever. He states he is not employed. He left blank a section of the Affidavit

4

soliciting information about the month and year of his last employment and monthly earnings. He states he has received no income from, *inter alia*, "other sources" within the past 12 months. Plaintiff avers he owns no real estate or any other item of value, and has neither cash on hand nor money in a savings or checking account. Plaintiff avers that he has zero dollars in debts, and no monthly bills. However, he states he has two minor children whom he actually supports.

Review of Missouri Case.net, the State of Missouri's online docketing system, reveals that, on February 3, 2018, the Metropolitan St. Louis Sewer District filed a request to garnish plaintiff's wages to satisfy a January 23, 2012 judgment it obtained against him. *See Metropolitan Sewer Dist. v. Alireza Bahktiari*, No. 1222-AC19108 (22nd Jud. Cir. 2012). A Garnishment Order was entered, and lists Supervalu, Inc. as the Garnishee. It specifies that it seeks to garnish plaintiff's wages, and it lists the total amount of plaintiff's outstanding debt as $1144.21. On February 5, 2018, garnishment was paid to the court. This Court takes judicial notice of this public state record. *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka*, 420 F.3d at 760 n. 2 (courts "may take judicial notice of judicial opinions and public records.").

The opportunity to proceed *in forma pauperis* is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987) (citing *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969)). The decision of whether to grant or deny *in forma pauperis* status under § 1915 "is within the sound discretion of the trial court." *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (internal citation omitted).

In the case at bar, this Court has serious reservations about the veracity of plaintiff's averments in the Financial Affidavit he filed in support of the instant motion. It appears that plaintiff may have misrepresented his current employment status on his Financial Affidavit form.

5

Even if he was not employed on the date he completed the form, he failed to disclose to the Court the month and year of his prior employment, and it appears he was employed during the same month he filed the complaint and completed the Financial Affidavit. In addition, plaintiff stated the amount of his debts as zero when it is apparent he has at least one outstanding debt. Having noted these reservations, the Court will grant plaintiff leave to proceed *in forma pauperis*, and will review the complaint pursuant to 28 U.S.C. § 1915(e)(2).

## The Complaint

In the complaint, plaintiff describes a series of events that began in early 2010 and ended in July of 2015. He alleges that, in 2010, defendants Wagner and Doe, Ladue police officers, arrested him at a Barnes and Noble bookstore in Ladue, and detained and questioned him. During the questioning, plaintiff told Doe and Wagner that he suffered from post-traumatic stress disorder and needed to go home to take Xanax, but they did not allow that. Wagner also searched plaintiff's mobile phone over his objections. Plaintiff was jailed overnight, and released the following morning. Plaintiff states he requested and was refused medical care, $50 was missing from his wallet, and an officer offered to drive him home but dropped him off in an empty lot instead. Plaintiff claims that four different "Doe" officers ignored his medical needs.

A few days after he was released, plaintiff called the Ladue Police Department and spoke to Wagner, and asked for a copy of the police report. Wagner told him that the investigation was still underway. Within the next year, plaintiff called Wagner numerous times, but Wagner always told him that the investigation was underway. In early 2011, "the defendants issued summons for plaintiff under Ladue municipal ordinance codes for 'disturbance of peace' and 'harassment.'" (Docket No. 1 at 12). Plaintiff claims the charges were "nothing but pretext excuses covering up the unlawful arrest, imprisonment and abuse." *Id.*

6

During the prosecution of the case, defendant Towey, the Ladue prosecuting attorney, moved for continuances to permit further investigation, and refused to release copies of documents. Plaintiff alleges that he "dutifully appeared for all of the hearings, which were countless," that "the defendants" "boldly and blatantly" failed to respond to his discovery requests, and that the "vicious persecution went on until May of 2015."[2] *Id.* at 15. On July 15, 2015, Towey dismissed the charges. Plaintiff alleges that Towey's only plan was to drag out the litigation in order to assist the police officer defendants with the cover up, prevent plaintiff from exercising his First Amendment right to bring a lawsuit, and increase the hourly fees he could bill to Ladue. He also alleges that Towey disobeyed court orders.

Plaintiff also alleges that the Ladue ordinances under which he was charged are vague and overbroad. He claims that Ladue is liable for his injuries because it "knowingly facilitated the conduct of its subordinates as alleged, approved them, condoned them, or turned a blind eye for fear of what it might see. Ladue has an affirmative duty to train, supervise, or control the actions of subordinates and it woefully failed in such duties which it owes to all citizens." *Id.* at 17. Plaintiff claims that what happened to him is one incident in a long string of similar actions by Ladue and its police against racial and ethnic minorities, and Ladue turned a blind eye to this pattern and therefore condoned and tacitly authorized it.

Plaintiff claims that "[t]hroughout this whole persecution, the defendants violated some clearly established statutory and constitutional rights that were owed plaintiff with clear contours," and "the defendants crossed some clearly established lines in their actions, decisions and omissions." *Id.* Plaintiff writes: "It would absurd and preposterous to think anything **other than** persecution, racial animus, selective arrest, selective prosecution, malice, intense

---

[2] In November of 2012, plaintiff was remanded into federal custody to begin serving his 51-month prison sentence.

7

xenophobia, retaliation and cover-up had been the underlying force for what defendants did to plaintiff in this case." (Docket No. 1 at 19) (emphasis in original). Plaintiff claims he suffered bodily harm, psychological injury, severe emotional distress, medical expenses, lost wages, litigation costs, and humiliation, and he claims the span of five years cost him substantial amounts in litigation costs, duress, physical harms, reputation harms, and more. Plaintiff's recitation of the facts in support of his claims brims with hyperbole, and plaintiff makes frequent use of disrespectful language, mocking and ridiculing Towey and the law enforcement defendants.

Plaintiff sets forth 14 claims for relief, based upon state and federal law. For his federal claims, he states the defendants violated his right to equal protection, engaged in retaliation in violation of the First Amendment, engaged in conspiracy, violated his right to procedural due process in that they arbitrarily and capriciously enforced vague ordinances, and engaged in malicious prosecution. He also sets forth *Monell* claims against the City of Ladue. He states he seeks a total of $3,500,000.00 in damages.

**Discussion**

Having reviewed and liberally construed the complaint, and having considered plaintiff's shocking and longstanding pattern of abusive litigation before this Court, the Court is convinced that the complaint is malicious, and subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). In the complaint, plaintiff uses disrespectful language, mocking and ridiculing the defendants. *See In re Tyler*, 839 F.2d at 1293 (a finding of maliciousness is warranted where the complaint contains disrespectful or abusive language). In addition, plaintiff has admitted to filing two prior civil lawsuits that were malicious, and to filing a malicious motion in his criminal case. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984) (an allegation the plaintiff

8

knows to be false is malicious, and a complaint containing only fabricated allegations is properly deemed malicious). When an opposing counsel's motion threatened to expose plaintiff's deceit, plaintiff threatened to kill members of counsel's family, and also threatened counsel's colleague. He also flouted a Court order and then lied to the Court about it, and, as noted above, he lied to the Court in his criminal case by filing a motion falsely accusing federal agents of torture and sexual abuse. When determining whether an action is malicious, the Court need not look only to the complaint before it, but may also look to plaintiff's prior litigious conduct. *See Cochran*, 73 F.3d at 1316 (plaintiff's past litigious conduct should inform the district court's determination of whether an action is malicious); *see also Carter v. Schafer*, 273 F. App'x 581 (8th Cir. 2008) (finding that a plaintiff's history of abusive litigation supported a determination of maliciousness).

As an alternate basis for dismissal, the Court determines that the complaint fails to state a claim upon which relief may be granted, and is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Any attempt by plaintiff to claim he was wrongfully denied medical care in 2010 would be time-barred. *See Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). Towey is absolutely immune from plaintiff's claims, as they all arise from his initiation and prosecution of a criminal case against plaintiff. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (holding that prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution). Plaintiff's allegations suggesting that Towey acted with an improper motive do not defeat immunity. *See Myers v. Morris*, 810 F.2d 1437, 1448 (8th Cir. 1987) (prosecutorial immunity extends even to allegations of vindictive prosecution); *see also Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006) (even if a prosecutor knowingly presents false, misleading or perjured testimony, or withholds or suppresses

9

exculpatory evidence, he is absolutely immune from suit), *Imbler*, 424 U.S. at 427-28 (there is no fraud exception to prosecutorial immunity). Plaintiff also alleges that Towey's actions were taken in furtherance of a conspiracy with the police officer defendants. However, a prosecutor is absolutely immune from a conspiracy charge when, as here, his alleged participation in the conspiracy consists of otherwise immune acts. *Reasonover*, 447 F.3d at 580.

Plaintiff also fails to state a viable claim against Wagner or Doe. Plaintiff's allegations against them are wholly conclusory and speculative, and are therefore not entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 678. Even if plaintiff's allegations could be presumed true, they suggest only the "mere possibility of misconduct," and would therefore fail to state a plausible claim for relief. *See id.* at 679. The fact that Towey ultimately dropped the charges against plaintiff does not automatically yield the conclusion that plaintiff's arrest was motivated by racial animus or class-based discrimination, or any other improper reason. In addition, elsewhere in the complaint, plaintiff states the defendants were enforcing Ladue municipal ordinances, belying his assertion that he was arrested for no reason, or that his arrest was based upon racial animus, class-based discrimination, or some other improper motive. *See id.* at 680-82 (when faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred).

Absent adequate allegations that a defendant's action was motivated by racial animus or class-based discrimination, plaintiff cannot maintain a § 1985 conspiracy claim, *see United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 834-39 (1983), or a § 1986 claim. *See McIntosh v. Arkansas Republican Party-Frank White Election Committee*, 766 F.2d 337, 340 (8th Cir. 1985) (a § 1986 action is dependent upon the existence of a § 1985 action). Plaintiff's claim that Doe and Wagner detained him in retaliation for his anticipated exercise of his First Amendment

right to bring a civil lawsuit is nonsensical, and his claim of arbitrary and capricious enforcement of vague ordinances wholly lacks factual support. Finally, because plaintiff's allegations fall short of alleging the violation of a federally-protected right, his § 1983 conspiracy claim and his *Monell* claims fail. Even if plaintiff had alleged the violation of a federally-protected right, his § 1983 conspiracy and *Monell* claims would fail because they are based upon wholly conclusory allegations. *See Burton v. St. Louis Bd. of Police Com'rs.*, 731 F.3d 784, 798 (8th Cir. 2013) (setting forth the elements necessary to plead a claim for conspiracy under § 1983); *see also Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997) (to plead an actionable *Monell* claim "[t]he description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts.").

Because plaintiff's federal claims are subject to dismissal, the Court also dismisses all remaining pendent state law claims. *See* 28 U.S.C. § 1367(c)(3).

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED** because it is malicious and/or because it fails to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2) (B)(i)-(ii). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Pro Se Motion for Praecipe and Service of Process (Docket No. 4) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 22nd day of August, 2018.

11

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE